**UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION** | **Case No. 2:18-md-2846**<br><br>**Judge Edmund A. Sargus, Jr.**<br>**Magistrate Judge Kimberly A. Jolson** |

**This document relates to:**
*Garcia v. Davol, Inc. et al.*
**Case No. 2:21-cv-4616**

## ORDER

On April 2018, Plaintiff, along with Lilia Plata, filed a complaint in California state court alleging claims for strict liability, negligence, negligent failure to issue a timely post-sale warning, breach of warranty, medical malpractice, and loss of consortium for injuries allegedly caused by a Composix Kugel Hernia Mesh Patch, a device manufactured by Defendants, which was implanted on September 4, 2008. (ECF No. 4 at PageID #13.) After Plaintiff's failure to file an amended complaint in violation of a court order, the state court granted Defendants' motion to dismiss and dismissed Plaintiff's case with prejudice. (ECF No. 4-1 at PageID #19–23.) On September 15, 2021, through different counsel, Plaintiff filed a complaint in this MDL alleging claims for strict liability, negligence, breach of warranty, fraud, infliction of emotional distress, and punitive damages allegedly caused by the same Composix Kugel Hernia Mesh Patch implanted on September 4, 2008. (ECF No. 1.) Plaintiff's counsel did not respond to Defendants' repeated attempts to contact them about the prior dismissal with prejudice. (ECF No. 4-1 at PageID #25–27.)

Under California law, "for purposes of applying the doctrine of res judicata, . . . a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of

action." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 793 (2010). "A dismissal with prejudice bars any future action on the same subject matter." *Id.* (quoting *Roybal v. Univ. Ford*, 207 Cal. App. 3d 1080, 1086–87 (Ct. App. 1989)) (cleaned up). For the purposes of res judicata, a "cause of action" is "the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Id.* at 789. "The 'cause of action' is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different *legal ground* for relief." *Id.* (internal citations omitted) (emphasis in original).

Plaintiff did not file a response to Defendants' motion to dismiss, and the Court will therefore treat the motion as unopposed. The dismissal with prejudice of Plaintiff's prior state court case bars this action based on the same subject matter. Accordingly, Defendants' motion to dismiss (ECF No. 4) is **GRANTED** and Plaintiff's case is **DISMISSED**.

**IT IS SO ORDERED.**

**3/2/2023**                                                           s/Edmund A. Sargus, Jr.
**DATE**                                                          **EDMUND A. SARGUS, JR.**
                                                                              **UNITED STATES DISTRICT JUDGE**